[Crim. No. 886.   Fourth Dist.   Jan. 5, 1955.]

THE PEOPLE, Respondent, v. DOLLY ARLENE
GILBERT, Appellant.

Hal Johnson for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller,
Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged in separate
counts with issuing, on December 6, 1952, seven checks with-
out sufficient funds to meet them and with intent to defraud.
She was also charged with two prior convictions of forgery.
She admitted the prior convictions and pleaded not guilty
as to each count.   A jury found her guilty as charged in
each count.   She has appealed from the judgment, and from
an order denying her motion for a new trial.

It was admitted at the trial that the appellant signed these checks and issued them in exchange for cash, or for cash and merchandise, and that there were no funds in the bank to meet them. The only issue at the trial was as to whether or not there was an intent to defraud. The evidence was sufficient to support the implied finding in that connection, and no contention is made to the contrary. Appellant's sole contention is that she was prevented from having a fair trial because the court improperly restricted her counsel's cross-examination of a certain witness, and thus thwarted his attempt to impeach that witness.

On the question of intent, evidence was received with respect to other check transactions. In connection with one of these it appeared that on February 14, 1953, the appellant tendered a check in payment for some merchandise at Roos Bros. store in San Francisco. The credit manager questioned the check, and the appellant was interviewed at some length by the store detective and an inspector from the San Francisco police department. During a part of this conversation the appellant made a serious charge against the credit manager of this store. The store detective and the police inspector desired to go into that charge and, since another witness would not be available until after store hours, the appellant agreed to meet them at a restaurant across the street at 5:30 that day, so that they could go into the matter further. The detective and the inspector went to this restaurant at 5:30, but the appellant did not appear. During the trial, this store detective testified with respect to what had occurred on this occasion in San Francisco, including the matter of the charge then made by the appellant. After appellant's counsel had conducted a cross-examination of this store detective, which takes up 23 pages of the transcript, appellant's counsel asked the detective "Now isn't it a fact that during this hour and a half conversation, it finally terminated and you told Mrs. Gilbert to go ahead and go about her business and to meet you for a drink about three blocks away from Roos Brothers' store later that evening?" The detective answered, "No." The witness was then asked: "And the reason you were so incensed about this whole matter is the fact you got stood up?" to which the witness replied, "No."

The court then adjourned, and after the jury left the courtroom the trial judge reprimanded the appellant's counsel for using the words "stood up," saying that this was degrading and embarrassing to the witness and would not be allowed

unless the accusation was made in good faith. He then stated that unless counsel could satisfy him that the question was asked in good faith counsel would have to retract the statement, apologize to the witness and have it stricken from the record; that he would give counsel an opportunity to be heard; and that unless the matter was corrected he would have to take measures to correct the situation. Counsel replied stating that the witness understood what was meant, and that he expected to clear the matter up on his case in chief. The court then said that the responsibility was upon counsel's shoulders, and that he would take the matter up at the conclusion of that day's session. outside the presence of the jury. It is argued that throughout the remainder of the trial appellant's counsel did not feel free to cross-examine this witness for fear of being found in contempt of court, that this seriously impaired his attempt to ascertain the truth from this witness, and that he was thus prevented from impeaching the witness.

When court reconvened counsel for appellant continued his cross-examination of this witness, asking six more questions, but saying nothing about this particular matter. Later in the trial the appellant testified that at the conclusion of the conversation in the Roos Bros. store in San Francisco the store detective and the police inspector asked her to meet them for a drink later that evening at a night club three blocks away, and asked her to bring another woman with her. The store detective and the police inspector were called to the stand in rebuttal, and both denied any such arrangement. The store detective was cross-examined by appellant's counsel, during which eight questions were asked concerning appellant's charge that the proposed meeting was to be one for social purposes. The police inspector was also cross-examined with respect to whether this appointment had been made for social or for business purposes.

█ There was nothing in the testimony of this witness indicating that he was unusually "incensed about this whole matter," and no evidence that he had been "stood up," and the last of these questions was improper at that time at least. While the court's remarks, out of hearing of the jury, may have been unnecessarily severe they were not such as to put any restraint upon any proper cross-examination, or to prevent any impeachment of that witness. The foundation for an attempted impeachment had already been laid through the preceding question and answer. Further cross-examination

of this witness was had and, after the appellant had testified, this witness and the inspector were again cross-examined without objection or limitation, including a number of questions about this particular matter. The contentions of each side as to the purpose of the proposed meeting for 5:30 on that day were fully brought out and the matter could have been, and doubtless was, argued to the jury. It does not appear that anything in this connection substantially prejudiced the rights of the appellant, or could have affected the result.

The judgment and order are affirmed.

Griffin, J., and Mussell, J., concurred.